NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1937
_____

JOSEPH LAPORTE,
                              Appellant

v.

CITY OF PHILADELPHIA; POLICE OFFICER KEENAN;
OFFICER BUTLER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-20-cv-03920)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 12, 2023

Before: CHAGARES, *Chief Judge*, SCIRICA, and AMBRO, *Circuit Judges.*

(Filed: April 21, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Joseph LaPorte filed a complaint in the Eastern District of Pennsylvania against the City of Philadelphia (the "City") and two Philadelphia police officers, Officers Keenan and Butler, alleging that the officers assaulted him. LaPorte attempted to serve the officers by emailing his complaint to the City, but the City refused to accept service on their behalf. The City explained that, because it employed many officers with the last names Keenan and Butler, it could not accept service on their behalf without more identifying information, such as the officers' first names or badge numbers. Despite this guidance about how to properly serve the officers through the City—as well as ample opportunity to serve the officers via a different method—LaPorte never did. As a result, the District Court dismissed LaPorte's case without prejudice for failure to timely serve the officers. LaPorte now appeals that decision. We will affirm.

I.

On July 24, 2020, LaPorte filed suit against the City and two of its police officers, "Police Officer Keenan" and "Police Officer Butler." Complaint ¶¶ 4–5, *LaPorte v. City of Phila.*, No. 2:20-cv-03920-GJP (E.D. Pa. July 24, 2020), ECF No. 1. LaPorte alleged the officers assaulted him in July 2018 and that he suffered serious injuries as a result. LaPorte further alleged the City was liable because it was the City's policy or custom to inadequately supervise and train its police officers.

On September 22, 2020, LaPorte attempted to serve the City and the officers by emailing his complaint to the City. At that time, because of the COVID-19 pandemic, the City had a policy where it would accept initial service of process only if it was sent via

email. A plaintiff could also request that the City accept emailed service on behalf of another party, and the City would respond with whether it would "accept service, not accept service," or required "more time to determine whether it [would] reject or accept service." Andrew Richman, *Service of Process of Civil Litigation Papers on the City of Philadelphia during Covid-19 Emergency*, City of Philadelphia (Apr. 9, 2020), https://www.phila.gov/2020-04-09-service-of-process-of-civil-litigation-papers-on-the-city-of-philadelphia-during-covid-19-emergency/. The City accepted service of LaPorte's complaint on its own behalf,[1] but it would not accept service on behalf of the officers. As noted, the City explained that "because it employed many officers with the last names Keenan and Butler," "it could not accept service on the officers' behalf without more specific information, such as first names or badge numbers." Order at 2 n.1, *LaPorte v. City of Phila.*, No. 2:20-cv-03920-GJP (E.D. Pa. Mar. 2, 2021), ECF No. 10. The City "requested that LaPorte 'resend the complaints to the service processor with the full names so they can accept service.'" *Id.* (citation omitted). LaPorte never provided such identifying information to the City.

On October 27, 2020, the District Court ordered LaPorte to show cause why his case should not be dismissed for failure to serve the officers. LaPorte responded that the officers had been served because the City accepted service on the officers' behalf. The District Court rejected LaPorte's assertion, noting the absence of any "confirmation of the City's acceptance of service for the officers." *Id.* Consequently, the District Court

---

[1] The claims against the City were subsequently dismissed and are not at issue in this appeal.

ordered LaPorte to serve the officers in accordance with the City's instructions or an alternative method prescribed by law. It also warned LaPorte that a failure to do so could result in dismissal of his case.

LaPorte subsequently filed an affidavit of service in which a process server claimed to have served the police officers by emailing LaPorte's complaint to the City. But the District Court quashed the service, explaining that, once again, LaPorte had failed to "attach proof that the City had accepted service." Order at 1 n.1, *LaPorte v. City of Philadelphia*, No. 2:20-cv-03920-GJP (E.D. Pa. Apr. 2, 2021), ECF No. 16. The District Court also noted evidence that the City "responded to LaPorte's process server that it could not accept service [on behalf of the officers] without more information," such as their full names. *Id.* As a result, the District Court ordered LaPorte "to properly serve the [officers] in accordance with the City's procedures or applicable law and file proof of service on or before April 16, 2021." *Id.* at 1. The District Court further warned LaPorte that failure to comply with that order would result in dismissal of his case.

Despite that warning, LaPorte did not file proof of service with the District Court. Accordingly, the District Court dismissed LaPorte's complaint without prejudice for failure to timely serve the officers. LaPorte timely appealed.

II.[2]

LaPorte appeals the District Court's order dismissing his complaint for failure to timely serve the officers. At bottom, LaPorte contends the District Court erred because "the rules governing the service of process were followed in this matter." *See* Appellant's Br. 9. Because LaPorte did not follow the rules governing service of process, we will affirm.

Federal Rule of Civil Procedure 4(e)(2) provides that a plaintiff may serve an individual by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The federal rules also allow a plaintiff to serve a defendant by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1). Under Pennsylvania law, original process may be served:

---

[2] The District Court had original jurisdiction under 28 U.S.C. § 1331. Although LaPorte's complaint was dismissed without prejudice, we have jurisdiction under 28 U.S.C. § 1291. Because the two-year statute of limitations for LaPorte's claims has expired, *see Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("The statute of limitations applicable to § 1983 claims in Pennsylvania is two years."), he is unable to refile his complaint. Accordingly, the District Court's order of dismissal is final and appealable. *See Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) (holding that an order dismissing a complaint without prejudice is a final and appealable order where the statute of limitations has run).

"We exercise plenary review over issues concerning the propriety of service under Federal Rule of Civil Procedure 4," *Grand Ent. Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 481 (3d Cir. 1993), and we review a dismissal under Fed. R. Civ. P. 4(m) for abuse of discretion, *see Boyle v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

    (1)     by handing a copy to the defendant; or

    (2)     by handing a copy

        (i)    at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

        (ii)   at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

        (iii)  at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. Civ. P. 402(a). In addition, in lieu of these alternatives, Pennsylvania law permits "the defendant or his authorized agent [to] accept service of original process by filing a separate document" in which the defendant or authorized agent certifies acceptance of service. Pa. R. Civ. P. 402(b).

Here, LaPorte did not serve the officers via a method authorized by either the Federal or Pennsylvania Rules of Civil Procedure. LaPorte, by way of a suitable individual, *see* Fed. R. Civ. P. 4(c), never delivered a copy of the summons and of the complaint to the officers personally, to the officers' dwellings or usual places of abode, or to the officers' authorized agents. Rather, LaPorte's process server emailed to the City LaPorte's complaint against the officers. Service via email is generally inadequate under both the Federal and Pennsylvania Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e); Pa. R. Civ. P. 402(a).

Moreover, LaPorte failed to comply with the City's procedures for receiving service of process on behalf of others during the COVID-19 pandemic. After the City received LaPorte's complaint via email, the City informed him that it was willing to accept service on behalf of the officers, but it explained that "it could not accept service

6

on the officers' behalf without more specific information, such as first names or badge numbers."[3] Order at 2 n.1, *LaPorte v. City of Phila.*, No. 2:20-cv-03920-GJP (E.D. Pa. Mar. 2, 2021), ECF No. 10. The City further "requested that LaPorte 'resend the complaints to the service processor with the full names so they can accept service.'" *Id.* (citation omitted). Despite ample opportunity and guidance regarding how to properly serve the officers via email through the City, LaPorte never did.[4] And, as noted, LaPorte also never served the officers via a method authorized under either the Federal or Pennsylvania Rules of Civil Procedure during this time.

As a result, the District Court did not err in dismissing LaPorte's complaint under Rule 4(m). Under that rule, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, LaPorte filed his complaint on July

---

[3] LaPorte repeatedly contends that, by refusing to accept service on the officers' behalf, the City "unilaterally abrogate[d] the Pennsylvania Rules of Civil Procedures [sic]." Appellant's Br. 2. But, under the Pennsylvania Rules of Civil Procedure—as well as the Federal Rules of Civil Procedure—the City was under no obligation to accept service on behalf of the officers via email. Indeed, as noted in the main text, service via email is generally insufficient under both the Federal and Pennsylvania Rules of Civil Procedure, and he has pointed to nothing in the Pennsylvania Rules that required the City to accept service and file a certification of acceptance on behalf of the officers. *See* Fed. R. Civ. P. 4(e); Pa. R. Civ. P. 402(a), (b). This is not a case in which a defendant refused to accept service after it was properly effected via an authorized method.

[4] Consistent with the District Court's determination that there was no "proof that the City had accepted service" on the officers' behalf, Order at 1 n.1, *LaPorte v. City of Phila.*, No. 2:20-cv-03920-GJP (E.D. Pa. Apr. 2, 2021), ECF No. 16, LaPorte has similarly failed to present any proof to us that he complied with the City's procedures or that the City accepted service on behalf of the officers.

24, 2020. By April 20, 2021—a period of more than 90 days—LaPorte had received ample opportunity and guidance regarding how to serve the officers and had been warned that a failure to do so would result in dismissal of his case. Yet LaPorte failed to properly serve the officers by that date. He neither provided the City with the information it required to accept service on the officers' behalf nor effected service via an alternative method authorized under either the Federal or Pennsylvania Rules of Civil Procedure. Accordingly, the District Court did not abuse its discretion in dismissing LaPorte's complaint without prejudice on April 20, 2021.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.